IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-425-F

| ARTHUR O. ARMSTRONG, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| QUENTIN T. SUMNER, and | ) | |
| RACHEL JOYNER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge William A. Webb [DE-5].

On July 6, 2012, Armstrong, proceeding pro se, filed the Complaint [DE-1] in this action, alleging that Defendants Quentin T. Sumner, a North Carolina Superior Court Judge, and Rachel Joyner, the Clerk of Superior Court for Nash County, conspired to violate his constitutional rights by refusing to allow him to file certain motions in Superior Court, Nash County pursuant to a pre-filing injunction order entered in that court. On July 16, 2012, the undersigned referred the case to Judge Webb for an M&R in light of the pre-filing injunction issued by this court in *In re Armstrong*, 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. January 18, 2006), *aff'd*, No. 06-1191 (4th Cir. April 20, 2006). In the M&R, filed on July 18, 2012, Judge Webb found that Armstrong's claims against Judge Sumner and Clerk Joyner were frivolous, and recommended that (1) Armstrong's Complaint be dismissed; (2) Armstrong be sanctioned $350.00; and (3) the court find that an appeal from this order would be frivolous. *See* M&R [DE-5] at p. 2.

In response to the M&R, Armstrong filed a "Motion for Leave to File Motion for Summary

Judgment, in Response and in Opposition to District Court Recommendation and Memorandum, with Supporting Affidavit and Documentation (Brief II)" [DE-6]. Armstrong additionally filed a series of similar motions [DE-7 through DE-22], only two of which [DE-15 & DE-21] address Armstrong's claims against Judge Sumner and Clerk Joyner.

Having conducted a *de novo* review of the Complaint, the M&R, and the record therein, the court agrees with Judge Webb that Armstrong's claims in the Complaint are frivolous. Specifically, the court finds that Judge Sumner has judicial immunity from Armstrong's claims. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (citations omitted). State and federal judges also are immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd*, 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Judge Sumner's alleged actions, in reviewing Armstrong's proposed filings to determine compliance with a previous pre-filing order, is an official judicial act for which Judge Sumner is entitled to immunity. Additionally, Clerk Joyner is entitled to quasi-judicial immunity from Armstrong's claims. Absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980). This immunity extends to officials for "functions that are more administrative in character [that] have been undertaken pursuant to the explicit direction of a judicial officer." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). The facts, as alleged here, only allow the inference that Joyner was performing pursuant to the direction of Judge Sumner. Accordingly, Armstrong's claims against Joyner are barred by quasi-judicial immunity. *See id.*

(collecting cases where clerks were held to be absolutely immune from claims arising out of acts they are specifically required to do by court order or at a judge's direction).

Accordingly, the court ADOPTS the M&R [DE-5] as its own, with the addition of the clarifications herein, and ORDERS the following:

(1) Armstrong's Complaint [DE-1] is DISMISSED;

(2) Armstrong is SANCTIONED in the sum of $350.00 payable to the Clerk of Court within thirty (30)days of the date of this order;

(3) The undersigned finds that an appeal from this order would be frivolous; and

(4) All other pending motions[1] are DENIED as moot.

The Clerk of Court is DIRECTED to close this case, and serve a copy of this order on Armstrong via certified mail, return receipt. Until Armstrong pays the sanction in full, he may not file any document with this court. If Armstrong successfully files any document without having paid the sanction, the Clerk is DIRECTED to strike any document from the record and return the document to Armstrong.

SO ORDERED. This the 22nd day of October, 2012.

James C. Fox
Senior United States District Judge

---

[1] The vast majority of the other pending motions attach complaints against various other Defendants arising out of acts that have no relevance to the claims alleged in the Complaint in this action. Armstrong's actions in filing these various motions and attempting to obtain judgment on these various other complaints can constitute nothing other than an attempted end-run of this court's pre-filing injunction order, *In rem Armstrong*, 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. January 18, 2006), *aff'd*, No. 06-1191 (4th Cir. April 20, 2006).