IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-425-F

| | |
|---|---|
| ARTHUR O. ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| QUENTIN T. SUMNER, and ) | |
| RACHEL JOYNER, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the "Plaintiff's Motion for Relief, Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, with Supporting Affidavit and Documentation (Brief II)" [DE-30] filed by the *pro se* Plaintiff Arthur O. Armstrong.

## I. PROCEDURAL HISTORY

On July 6, 2012, Armstrong, proceeding pro se, filed the Complaint [DE-1] in this action, alleging that Defendants Quentin T. Sumner, a North Carolina Superior Court Judge, and Rachel Joyner, the Clerk of Superior Court for Nash County, conspired to violate his constitutional rights by refusing to allow him to file certain motions in Superior Court, Nash County pursuant to a pre-filing injunction order entered in that court. On July 16, 2012, the undersigned referred the case to Judge Webb for an M&R in light of the pre-filing injunction issued by this court in *In re Armstrong*, 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. January 18, 2006), *aff'd*, No. 06-1191 (4th Cir. April 20, 2006). In the M&R, filed on July 18, 2012, Judge Webb found that Armstrong's claims against Judge Sumner and Clerk Joyner were frivolous, and recommended that (1) Armstrong's Complaint be dismissed; (2) Armstrong be sanctioned $350.00; and (3) the court find that an appeal

from an order dismissing the claims would be frivolous. *See* M&R [DE-5] at p. 2.

In response to the M&R, Armstrong filed a "Motion for Leave to File Motion for Summary Judgment, in Response and in Opposition to District Court Recommendation and Memorandum, with Supporting Affidavit and Documentation (Brief II)" [DE-6]. Armstrong additionally filed a series of similar motions [DE-7 through DE-22], only two of which [DE-15 & DE-21] addressed Armstrong's claims against Judge Sumner and Clerk Joyner.

In an Order filed on October 22, 2012 [DE-24], the court adopted the M&R as its own, and with certain clarifications. Specifically, after conducting a *de novo* review of the Complaint, the M&R, and the record, the court agreed with Judge Webb that Armstrong's claims were frivolous because (1) Judge Sumner has judicial immunity from Armstrong's claims, and (2) Armstrong's claims against Clerk Joyner were barred by quasi-judicial immunity. October 22, 2012, Order [DE-24] at pp. 2-3. The court accordingly ordered that Armstrong's Complaint was dismissed, that all other pending motions were denied, that he was sanctioned in the sum of $350.00, and that an appeal from the order would be frivolous. *Id.*

Armstrong thereafter paid the $350.00 sanction, and then filed the instant motion. He contends that the motion and the affidavit attached thereto cure all defects in his original Complaint. The only meaningful[1] difference between the affidavit [DE-30.1] and the original Complaint is Armstrong's current allegation that "defendant, without probable cause, lacked jurisdiction over the subject matter and over plaintiff–relative to the order prohibiting frivolous filing." Aff. [DE-30.1] ¶ 4.

---

[1] There are other allegations in the newly-filed affidavit. The court addresses only the new allegation that could potentially alter its previous analysis.

2

## II. STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure provide, in full:

*Grounds for Relief from a Final Judgment, Order or Proceeding.* On motion and just terms, the court may relieve a party and its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). In this case, Armstrong moves pursuant to Rule 60(b)(6), which the Fourth Circuit has stated "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11, 864 (1988)). The Fourth Circuit has further explained:

We have thus required—in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on "just terms" and within "a reasonable time"—that the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir.1993). And if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal. *See Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993) (holding that the "voluntary, deliberate, free [and] untrammeled choice" not to appeal the original judgment or order cannot establish a basis for Rule 60 relief) (quoting *Ackermann v. United States*, 340 U.S. 193, 200, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (alteration in original)); *In re Burnley*, 988 F.2d 1, 3 (4th Cir.1992) ("A Rule 60(b) motion may not substitute for a timely appeal"). *See generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2864, at 359–60 & n. 25 (2d

3

ed.1995) (collecting cases).

*Id.* at 501.

## III. ANALYSIS

The court has very serious doubts whether Armstrong can show an entitlement to relief under any of the subsections of Rule 60(b), and in particular, whether he can show "extraordinary circumstances" to justify the allowance of relief pursuant to Rule 60(b)(6). Nevertheless, cognizant of his *pro se* status, the court will construe the filing of his motion and affidavit as a motion to reconsider the order dismissing his Complaint. Even if the court considers the "new" allegations in Armstrong's affidavit, however, the court still concludes that his claims must be dismissed as frivolous.

It is well-established that judges, in exercising the authority vested in them, are absolutely immune from civil lawsuits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity applies to judicial action taken in error, done maliciously, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Essentially, a judge is entitled to absolute immunity if the judge acted in his judicial capacity and had jurisdiction over the subject matter. *King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992). Accordingly, a plaintiff alleging claim for money damages against a judge can overcome absolute judicial immunity only by showing (1) the judge's actions were taken outside of the judge's judicial capacity or (2) the judge acted in the complete absence of jurisdiction. *Id.*

4

With regard to the first inquiry–whether the challenged conduct is a "judicial act"–the court must consider "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." *Id.* at 357 (citing *Stump*, 435 U.S. at 362). Here, there can be no dispute that Judge Sumner's actions in issuing a pre-filing injunction constitutes a judicial act.

With regard to the second inquiry, Armstrong does allege that "defendant"–presumably Judge Sumner–lacked "jurisdiction over the subject matter and over plaintiff–relative to the order prohibiting frivolous filing." Aff. [DE-30.1] ¶ 4. A distinction must be drawn, however, "between acts that are performed in 'excess of jurisdiction' and those performed in the 'clear absence of all jurisdiction over the subject matter' with the former type of act accorded immunity." *King*, 973 F.2d at 356-57 (citing *Stump*, 435 U.S. at 356 n.6). Thus, the court must examine " 'whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him,' and in answering that question, 'the scope of the judge's jurisdiction must be construed broadly . . . .' " *Id.* at 357 (quoting *Stump*, 435 U.S. at 356). Moreover, "it is immaterial that his challenged judicial act may have been unauthorized by the laws which govern his conduct." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). If a judge "exceeds his authority, his action is subject to correction on appeal or other authorized review, but it does not expose him to a claim for damages in a private action or put him to the trouble and expense of defending such an action." *Id.* Accordingly, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority" or subject to "grave procedural errors." *Stump*, 435 U.S. at 356-58. Thus, for example, a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in *excess*

5

of his jurisdiction, whereas a probate court judge would not be immune from liability if he tried a criminal case because he clearly lacked all subject matter jurisdiction. *Id.* at 357 n. 7 (citing *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)).

Earlier in this litigation, Armstrong provided a copy of the state-court pre-filing injunction order. *See* Motion for Leave to File Motion for Summary Judgment, Ex. A [DE-15.2] (Order Prohibiting Frivolous Filings). The order, signed by Judge Sumner, finds as fact that over a period of several months, the state court had repeatedly dismissed all filings by Armstrong with prejudice because they had no basis in law or in fact. The order also found that the repeated filings by Armstrong were designed and intended to be vexatious and were filed for no lawful or useful purpose. Judge Sumner then ordered that prior to the docketing of any paper writing by Armstrong, the clerk of court is to refer the writing to Judge Sumner for a determination of whether the writing has merit or value either in law or in fact. *Id.*

The court finds that Judge Sumner did not act in the complete absence of jurisdiction when issuing the pre-filing injunction order. Decisions from the North Carolina Court of Appeals indicate that North Carolina trial courts have the inherent authority to prohibit future frivolous and repetitive litigation. *See Dalenko v. Peden General Contractors, Inc.*, 197 N.C. App. 115, 676 S.E.2d 625, 633 (2009) ("As part of its inherent authority, the trial courts of this state have the power to prohibit future frivolous and repetitive litigation."). Accordingly, Armstrong's conclusory allegation in the affidavit that Judge Sumner lacked subject matter jurisdiction belies reality, as does his allegation suggesting the state court lacked personal jurisdiction over him. Consequently, even if the court views the allegations in Armstrong's affidavit as an attempt to amend his original Complaint, Armstrong's claims against Judge

6

Sumner are still barred by judicial immunity.

Similarly, the court finds that Armstrong's allegations do nothing to change the conclusion that Defendant Joyner is entitled to quasi-judicial immunity. *See McCray v. State of Md.*, 456 F.2d 1, 5 n.11 (4th Cir. 1972) ("Since judges are immune from suit for their decisions, it would be manifestly unfair to hold liable the ministerial officers who merely carry out that judicial will.").

As the foregoing demonstrates, even if the court considers Armstrong's "new" allegations, his claims against Judge Sumner and Defendant Joyner are barred. Accordingly, his motion for relief [DE-30] is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Armstrong's "Motion for Relief, Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, with Supporting Affidavit and Documentation (Brief II)" [DE-30] is DENIED. It is further ORDERED:

(1) The Clerk of Court is DIRECTED to serve a copy of this order on Plaintiff via certified mail, return receipt.

(2) Plaintiff may file a notice of appeal from this order ONLY, provided such notice of appeal is accompanied by the appellate filing fee. The court hereby certifies that a timely appeal from this order is not frivolous.

(3) Plaintiff, Arthur O. Armstrong, is PROHIBITED from filing any additional documents in this action, other than a notice of appeal from this order.

(4) Should Plaintiff submit additional documents in this action, other than a notice of appeal from this order, the Clerk of Court is directed to make a notation in the record, and to

7

return the material to Plaintiff.

(5) The court hereby WARNS Plaintiff, Arthur O. Armstrong, that the failure to abide by this Order may result in further monetary sanctions against him.

SO ORDERED. This the 12th day of February, 2013.

*James C. Fox*
James C. Fox
Senior United States District Judge

8